IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

ABDUL SHABAZZ,
                Plaintiff,         :

                        :

        v.                   :      Civil No. 5:24-cv-00498-JMG

                        :

NATIONSTAR MORTGAGE LLC     :
d/b/a                         :
RIGHTPATH SERVICING,       :
                Defendant.     :

---

**MEMORANDUM OPINION**

**GALLAGHER, J**                                      **June 4, 2026**

## I.    INTRODUCTION

This case arises out of a mortgage-servicing dispute between Plaintiff and his loan servicer, Defendant Nationstar Mortgage LLC ("Defendant" or "Nationstar"). Plaintiff alleges that Defendant engaged in deceptive conduct in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), failed to conduct a reasonable investigation in response to his written inquiry as required by the Real Estate Settlement Procedures Act ("RESPA"), and improperly denied him a COVID-19 Recovery Loan Modification. Plaintiff also initially sought declaratory relief concerning the interpretation of United States Department of Housing and Urban Development ("HUD") regulations governing eligibility for such modifications.

Defendant has moved for summary judgment on all claims. It argues that Plaintiff cannot establish the essential elements of his UTPCPL catch-all claim, that the undisputed record demonstrates compliance with RESPA's investigation and response requirements, and that the request for declaratory relief is moot in light of Defendant's revised interpretation of the applicable guidance. Plaintiff opposes the Motion, contending that genuine disputes of material fact preclude

summary judgment on the UTPCPL and RESPA claims. The Court addresses each claim in turn below.

## II.    FACTUAL BACKGROUND

Plaintiff is the borrower on a residential mortgage loan serviced by Defendant Nationstar Mortgage LLC. *See generally* Pl.'s Compl. In April 2023, Plaintiff contacted Defendant to request loss-mitigation assistance. Pl.'s Resp. Opp'n to Def.'s Mot. for Summ. J., at 5. In May 2023, Plaintiff submitted a written inquiry disputing Defendant's determination that he did not qualify for the program and he requested clarification of the basis for the denial. *Id.* Around the same time, as a result of informal guidance Nationstar received from Federal Housing Authority ("FHA") and conversations with industry partners, Nationstar revised its interpretation of the HUD guidance and changed its policies effective May 24, 2023. Def.'s Mot. for Summ. J., at 4.

In June 2023, Defendant informed Plaintiff about the change and later that month, approved Plaintiff for a COVID-19 Recovery Loan Modification. Def.'s Mot. for Summ. J., at 4; Pl.'s Resp. Opp'n to Def.'s Mot. for Summ. J., at 6. Plaintiff contends that this later approval demonstrates that Defendant's earlier denial was erroneous and that a reasonable investigation in April 2023 would have revealed his eligibility. *See generally* Pl.'s Compl. Plaintiff alleges that Defendant's denial and related communications constitute deceptive conduct under the UTPCPL and that Defendant failed to conduct a reasonable investigation as required by RESPA. *See generally* Pl.'s Compl. Plaintiff further asserts that Defendant's actions caused him financial harm, including a higher principal balance, a higher interest rate, and the loss of an opportunity to apply Pennsylvania Homeowner Assistance Fund ("PAHAF") funds to preserve more favorable loan terms. Pl.'s Compl. at ¶ 71.

Plaintiff's Complaint originally included a third claim seeking a declaratory judgment

regarding the interpretation of HUD regulations and 12 C.F.R. § 1024.41(c)(2)(vi). Pl.'s Compl. ¶¶ at 79-85.  Defendant argued that no live controversy existed because it had since revised its interpretation of the relevant guidance. In his Response to the Motion for Summary Judgment, Plaintiff expressly withdrew the declaratory-judgment claim. Pl.'s Resp. Opp'n to Def.'s Mot. for Summ. J., at 13.

## III.    PROCEDURAL HISTORY

This action is the second lawsuit filed by Plaintiff against Defendant arising out of the same underlying events and asserting the same three causes of action. Plaintiff initially filed his first Complaint on August 24, 2023 ("Shabazz I"). Defendant moved to dismiss that Complaint, and on November 7, 2023, this Court dismissed Shabazz I without prejudice. The Court concluded that the Complaint failed to state a claim under the UTPCPL because it did not allege that Defendant made any promise or knowing misrepresentation beyond the conclusory assertion that the loan-modification denial was based on "false pretenses." The Court also dismissed Plaintiff's RESPA claim on the grounds that Plaintiff failed to allege anything more than conclusions that Defendant's investigation was "unreasonable." On February 2, 2024, Plaintiff initiated the present action by filing a new Complaint asserting the same three causes of action previously dismissed.

## IV.    LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) provides that a judge shall "grant summary judgment if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Essentially, the Court must analyze "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. A genuine issue of fact exists where "the evidence is such that a reasonable jury could return a verdict

for the nonmoving party." *Id*. at 248. "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Physicians Healthsource, Inc. v. Cephalon, Inc.*, 954 F.3d 615, 618 (3d Cir. 2020) (quoting *Anderson*, 477 U.S. at 248). At this stage of litigation, all facts presented are viewed in the light most favorable to the nonmoving party, and the moving party "has the initial burden of demonstrating that *no* genuine issue of material fact exists." *Daniels v. City of Pittsburgh*, 2023 WL 2707178, at *2 (3d Cir. Mar. 30, 2023); *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 637 (3d Cir. 1993) (emphasis added).

To survive a properly supported motion for summary judgment, the nonmoving party must present affirmative evidence of specific facts in the record to demonstrate a genuine issue of material fact. *Anderson*, 477 U.S at 256-57; *Berkeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) (citing *Pa. Prot. & Advocacy, Inc. v. Pa. Dep't of Pub. Welfare,* 402 F.3d 374, 379 (3d Cir.2005)) ("Although the non-moving party receives the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact."). It is not enough to "deny the allegations in the moving party's pleadings; instead [Plaintiff] must show where in the record there exists a *genuine* dispute over a material fact." *Doe v. Abington Friends School*, 480 F.3d 252, 256 (3d Cir. 2007) (citations omitted) (emphasis added). In making this showing of a genuine dispute, "the non-movant may not rest on speculation and conjecture..." *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 666 (3d Cir. 2016). In addition, "conclusory, self-serving affidavits are insufficient to withstand . . . summary judgment." *Gonzalez v. Sec'y of Dept. of Homeland Sec.*, 678 F.3d 254, 263 (3d Cir. 2012). It is not the role of the Court to weigh the evidence provided by the Parties and make a determination as to which facts are true. Rather, the Court is instructed "to determine if there

4

is a genuine issue for trial." *Josey,* 996 F.2d at 637.

V.   ANALYSIS

a.   UTPCPL Claim

Plaintiff's first claim arises under the catch-all provision of the UTPCPL, 73 P.S. § 201-2(4)(xxi). To prevail under this section, a plaintiff must establish three elements: (1) deceptive or misleading conduct; (2) justifiable reliance; and (3) an ascertainable loss caused by that reliance. *Henehan v. Penn Anthracite Colliers Co.*, 2023 U.S. Dist. LEXIS 118765, at \*18-19 (M.D. Pa. July 11, 2023) (internal quotations removed). Plaintiff and Defendant sharply dispute whether the record contains evidence sufficient to support each element.

Defendant contends that Plaintiff has (1) failed to identify any deceptive or misleading statement, (2) not shown that Plaintiff relied on any representation by Defendant, and (3) cannot demonstrate that Plaintiff suffered an ascertainable loss attributable to Defendant's conduct. *See generally* Def.'s Mot. for Summ. J. Plaintiff, by contrast, argues that Defendant's handling of his request for a loan modification constitutes deceptive conduct within the meaning of the statute and that the resulting financial consequences satisfy the remaining elements. *See generally* Pl.'s Resp. Opp'n to Def.'s Mot. for Summ. J.

The Court concludes that the record contains no evidence from which a reasonable factfinder could determine that Defendant engaged in deceptive conduct within the meaning of the UTPCPL. Plaintiff identifies no misrepresentation, omission, or misleading statement made by Defendant in connection with the April 2023 denial. The undisputed evidence shows that the denial was based on Defendant's interpretation of HUD guidance at the time. The fact that Defendant later approved Plaintiff for a modification two months later (following a revised interpretation of the same guidance) does not retroactively render the initial denial deceptive or fraudulent. Plaintiff

offers no evidence that Defendant possessed contrary information, concealed qualifying facts, or otherwise acted with the capacity to deceive a reasonable consumer.

Plaintiff also fails to establish the element of justifiable reliance. To survive summary judgment, a UTPCPL plaintiff must identify a specific action taken in reliance on the alleged deceptive conduct. Plaintiff has not done so. His only response to the denial was to provide the letter to his attorney, who then prepared an appeal. Such conduct does not constitute reliance. Rather, it is merely a reaction to the denial itself. Plaintiff identifies no financial decision, forbearance, or change in position undertaken because he believed Defendant's denial was accurate. Moreover, Plaintiff was approved for a modification only two months later, further undermining any claim that he detrimentally relied on the April 2023 determination. Without evidence of reliance, the UTPCPL claim cannot proceed.

Finally, Plaintiff has not produced evidence of ascertainable loss resulting from the alleged deceptive conduct. The UTPCPL requires proof of an actual, measurable, and non-speculative loss. *Hall v. Equifax Info Servs. LLC*, 202 F. Supp. 3d 807, 812 (E.D. Pa 2016). Plaintiff concedes he cannot identify any monetary harm arising from the April 2023 denial, and he has produced no documentation of financial injury. Emotional distress and attorneys' fees do not constitute "ascertainable loss" under the UTPCPL. *Walkup v. Santander Bank, N.A.*, 147 F. Supp. 3d 349, 358 (E.D. Pa. 2015) ("Shame, embarrassment, and emotional distress are personal injuries and are thus not cognizable under the UTPCPL"); *Grimes v. Enterprise Leasing Co. of Phila.*, 105 A.3d 1188, 1196 (Pa. 2014). Because Plaintiff cannot demonstrate any compensable injury attributable to Defendant's conduct, this element independently warrants summary judgment.

In sum, Plaintiff has failed to produce evidence supporting any of the three essential elements of a UTPCPL claim. No reasonable jury could find that Defendant engaged in deceptive

conduct, that Plaintiff justifiably relied on such conduct, or that he suffered an ascertainable loss. Defendant is therefore entitled to judgment as a matter of law on the UTPCPL claim.

### b. RESPA Claim

Defendant also moves for summary judgment on Plaintiff's claim under RESPA, 12 U.S.C. § 2605(e). In a prior action between these parties, the Court dismissed Plaintiff's RESPA claim after concluding that the correspondence attached to the Complaint demonstrated that Defendant conducted an investigation into Plaintiff's inquiry, provided a written explanation of its findings, and supplied the mathematical basis for its determination. The correspondence at issue in this case is the same.

In the present Complaint, Plaintiff attempts to cure the prior deficiency by asserting that Defendant's investigation was unreasonable because Defendant ultimately approved him for a loan modification in June 2023. Pl.'s Compl. ¶¶ at 68-69. According to Plaintiff, this later approval shows that Defendant would have discovered his eligibility in April 2023 had it conducted a reasonable investigation at that time. Id. at ¶¶ 109-111.

These additional allegations do not materially alter the analysis. Defendant argues that no reasonable jury could conclude that its investigation was deficient because the alleged "error" was not factual but instead stemmed from Defendant's then-operative interpretation of the HUD Handbook. Def.'s Mot. for Summ. J. at 13. Defendant maintains that no amount of investigation would have revealed a miscalculation or factual mistake, and that its written response (which explained the basis for its determination) satisfied RESPA's procedural requirements. Id. The Court agrees that RESPA does not impose strict liability for incorrect interpretations of servicing guidelines, nor does it require servicers to reach a particular substantive outcome. Rather, the statute requires a servicer to conduct a reasonable investigation and provide a written explanation

responsive to the borrower's inquiry. 12 C.F.R. § 1024.35(e)(1).

Plaintiff, however, contends that a reasonable investigation would have alerted Defendant's customer service representative that the denial letter contained false statements regarding his eligibility and that the denial was issued in error. Pl.'s Resp. Opp'n to Def.'s Mot. for Summ. J., at 12.

Plaintiff argues that Defendant's later approval for the same program demonstrates that the initial denial was inconsistent with the program's criteria and that Defendant's investigation therefore could not have been reasonable. *Id.* But Plaintiff identifies no evidence showing that Defendant failed to review the relevant account information, misapplied mathematical calculations, or ignored documentation provided with his inquiry. Instead, Plaintiff's argument rests on the premise that the later approval necessarily renders the earlier investigation unreasonable.

On this record, the Court concludes that Plaintiff has not produced evidence from which a reasonable jury could find that Defendant failed to conduct a reasonable investigation within the meaning of § 2605(e). The undisputed correspondence shows that Defendant reviewed Plaintiff's inquiry, evaluated his eligibility under its then-operative interpretation of the applicable guidelines, and provided a written explanation of its reasoning. The fact that Defendant later approved Plaintiff for a modification – after revising its interpretation or applying updated guidance – does not, without more, create a triable issue as to whether the earlier investigation was unreasonable. RESPA requires a reasonable investigation, not a correct prediction of future program eligibility or regulatory interpretations.

Accordingly, Defendant's Motion for Summary Judgment on the RESPA claim is granted

and the RESPA claim is dismissed.

### c. Declaratory Judgment Claim

Plaintiff also seeks a declaratory judgment "that neither the regulations of the HUD Secretary nor 12 C.F.R. § 1024.41(c)(2)(vi) prohibits a servicer from offering a Recovery Modification if the principal-and-interest portion of the borrower's monthly mortgage payment would not decrease under such a modification." Defendant argues that this claim presents no live controversy because it has since revised its interpretation of the applicable guidance and there is no evidence that Defendant is currently applying the earlier interpretation challenged by Plaintiff. According to Defendant, any dispute regarding the propriety of its prior interpretation is therefore moot.

In his Response to the Motion for Summary Judgment, however, Plaintiff expressly withdraws his request for declaratory relief. Because Plaintiff has abandoned this claim, and in light of Defendant's representation that it no longer adheres to the interpretation that gave rise to the alleged controversy, the Court need not address the merits of this claim. The declaratory-judgment claim is accordingly deemed withdrawn and will not proceed.

## VI. CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment is **GRANTED**. With respect to Plaintiff's claim under the UTPCPL claim, the Court holds that Plaintiff has not produced evidence to support any of the three required elements. As a result, summary judgment is warranted. The record contains no basis on which a reasonable jury could find that Defendant engaged in deceptive conduct, that Plaintiff took any action in justifiable reliance on such conduct, or that he sustained an ascertainable loss as a result. Defendant is

therefore entitled to judgment as a matter of law on the UTPCPL claim.

As to Plaintiff's RESPA claim, the undisputed record demonstrates that Defendant conducted a reasonable investigation into Plaintiff's inquiry and provided a written explanation consistent with the requirements of 12 U.S.C. § 2605(e). Plaintiff has not produced evidence from which a reasonable jury could conclude otherwise, and summary judgment in Defendant's favor is likewise warranted on this claim.

Finally, Plaintiff's declaratory-judgment claim is deemed **WITHDRAWN** in light of Plaintiff's express abandonment of the claim in his Response to the Motion for Summary Judgment. In any event, Defendant's change in interpretation and the absence of any ongoing controversy would render the claim moot. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

10